

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

**Daniel F.X. Geoghan**
P 212.332.8851
F 212.332.8859
dgeoghan@ycst.com

July 26, 2012

<u>**BY ELECTRONIC MAIL**</u>

Hon. Robert E. Gerber
One Bowling Green
New York, NY 10004-1408

  Re: In Re Fletcher International, Ltd., Case No. 12-12796 (REG);
    <u>Fletcher International, Ltd. v. Fletcher Income Arbitrage
    Fund In Voluntary Liquidation, et al., AP No. 12-0174 (REG)</u>

Dear Judge Gerber:

  We are in receipt of the Defendants Fletcher Income Arbitrage Fund's and FIA Leveraged Fund's (the "**Defendants**") Pre-Hearing Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction ("**Defendant's Brief**") and the supporting Affidavit Of Robin Lee McMahon ("**McMahon Affidavit**").

  Fletcher International Ltd. (the "**Debtor**") hereby objects to the submission of the McMahon Affidavit. Paragraph 6 of the Court's Case Management Order (Docket No. 4 on the Chapter 11 Case Docket) provides that:

> Except as otherwise ordered by the Court for cause shown before the hearing, all direct testimony in Contested Matters other than duly-designated deposition testimony must be submitted by Affidavit, and all cross-examination and subsequent examination will be taken live. Unless otherwise ordered by the Court, <u>all Affidavits must be submitted to the adversary and the Court no later than 3 full business days before the hearing.</u>

*Case Management Order #1*, Docket No. 4, July 3, 2012 (emphasis in original). The Defendants never informed the Debtor that they intended to file an affidavit in support of the Defendants' Brief. The first time the Debtor became aware of the McMahon Affidavit was upon filing.

  Despite the clear deadline in the Court's Case Management Order, Defendants have submitted a 27 page single-spaced affidavit (127 pages with exhibits) one-half day before the July 27th hearing that was set nearly two weeks ago. The late submission inflicts incurable prejudice on the Debtor. It is literally impossible in the time remaining before the hearing to

Young Conaway Stargatt & Taylor, LLP
July 26, 2012
Page 2

prepare for an adequate cross-examination, let alone evaluate and address the contents of the affidavit.

      Moreover, the Defendants sought no extension of time to file supporting affidavits during the telephonic conference held before the Court on Monday July 23, 2012. ("Mr. Lurie, you have an extension of time to file your brief on the PI, on the preliminary injunction, until noon on Thursday." (41:6-8)).

      Accordingly, the Debtor requests that the Affidavit be stricken as untimely or, in the alternative, that the Temporary Restraining Order be continued for a period of time sufficient for Debtor to meet the late submission.

      Respectfully Submitted,

      Daniel F.X. Geoghan

cc:   David Lurie (Via Email)
      Tim Brock (Via Email)
      John Monaghan (Via Email)
      Elisabetta Gasparini (Via Email)

DFXG:rg