Barbra R. Parlin, Esq.
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Tel.: 212-513-3200
Fax: 212-385-9010

-and-

John J. Monaghan, Esq. (*admitted pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, Massachusetts 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

*Attorneys for Fletcher Fixed Income Alpha
Fund, Ltd.-In Official Liquidation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Case No.: 12-12796 (REG) |
| FLETCHER INTERNATIONAL, LTD., | Chapter 11 |
| Debtor. | |

-----------------------------------------------------------------x

FLETCHER INTERNATIONAL, LTD.,

                      Plaintiff,

  v.

FLETCHER INCOME ARBITRAGE FUND IN
VOLUNTARY LIQUIDATION, acting by its Joint
Official Liquidators Robin Lee McMahon and
Roy Bailey, FIA LEVERAGED FUND-IN
OFFICIAL LIQUIDATION, acting by its Joint
Official Liquidators Robin Lee McMahon and
Roy Bailey, and FLETCHER FIXED INCOME
ALPHA FUND, LTD-IN OFFICIAL
LIQUIDATION, acting by its Joint Official
Liquidators Tammy Fu and Jenna Wise

                      Defendants.

Adv. Pro No. 12-01740 (REG)

-----------------------------------------------------------------x

## ANSWER TO COMPLAINT

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Defendant Fletcher Fixed Income Alpha Fund, Ltd.-In Official Liquidation ("Alpha"), acting by its Joint Official Liquidators Tammy Fu and Jenna Wise[1], hereby answers the Complaint of Debtor (the "Complaint") filed by Fletcher International, Ltd., the debtor in the above-captioned Chapter 11 case (the "Plaintiff" or the "Debtor"), as follows:

## PRELIMINARY STATEMENT[2]

ANSWER TO PRELIMINARY STATEMENT: Alpha admits that the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code and that it remains at present a debtor in possession. The remainder of the allegations contained in the unnumbered paragraph following the "Preliminary Statement" heading constitute statements of the Debtor's opinion rather than factual allegations and, therefore, Alpha has insufficient knowledge or information to admit or deny statements of opinion, but to the extent such allegations constitute allegations of fact, Alpha denies those allegations.

## PARTIES

1. Alpha admits the allegations in first numbered[3] paragraph 1 of the Complaint.

2. Alpha admits the allegation in first numbered paragraph 2 of the Complaint that Arbitrage is a Cayman Islands corporation. Alpha is without knowledge or information sufficient to admit or deny the remaining allegations in first numbered paragraph 2 and, therefore, denies the same.

---

[1] In actuality, Alpha is not in official liquidation, but is in voluntary liquidation and Gordon MacRae, rather than Jenna Wise, is the appointed liquidator. Party names as designated by the Debtor have been maintained for ease of reference.

[2] This Answer contains the same section headings as those in the Complaint for ease of reference only. Alpha does not admit, and expressly denies, any factual assertions contained in the section headings.

[3] The numbering scheme in the Complaint restarts in the "Factual Background" section at number 1. Although the headings used in the Complaint have been retained for ease of reference, to further clarify the respective paragraphs being addressed, the first seven paragraphs before the numbering restarts are referenced herein as the "first numbered" paragraphs in the Complaint.

2

#11449287_v2

3. Alpha admits the allegations in first numbered paragraph 3 of the Complaint.

4. Alpha denies the allegation in first numbered paragraph 4 of the Complaint that it is in official liquidation. Alpha admits the remaining allegations in first numbered paragraph 4.

## JURISDICTION AND VENUE

5. Alpha admits the allegations in first numbered paragraph 5 of the Complaint.

6. Alpha admits the allegations in first numbered paragraph 6 of the Complaint.

7. Alpha admits the allegations in first numbered paragraph 7 of the Complaint.

## FACTUAL BACKGROUND

## CORPORATE OVERVIEW

A.  **The Fletcher Asset Management Family of Funds**

1. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 1 of the Complaint and, therefore, denies the same.

2. Alpha admits the allegations in paragraph 2 of the Complaint that the Fletcher Funds are arranged in a "master-feeder fund" structure, under which investors invest in feeder funds, which, in turn, invest their assets in master funds. Alpha also admits that these master funds then invest their capital in specific investments. Alpha does not specifically respond to the reference that such investments are described in greater detail in the Complaint. Furthermore, Alpha is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 2 and, therefore, denies the same.

3. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 3 of the Complaint and, therefore, denies the same.

B.  **The Debtor**

4. Alpha admits the allegations in paragraph 4 of the Complaint that the Debtor is a master fund in the Fletcher Funds and that as a master fund it engages in trading of financial

3

#11449287_v2

installments for its own benefit. Alpha is without knowledge or information sufficient to admit or deny the remaining allegations regarding the FAM investment philosophy in paragraph 4 and, therefore, denies the same.

5.   Alpha admits the allegations in paragraph 5 of the Complaint describing the ownership structures of Alpha and FIAL and their places of incorporation, as well as those allegations describing the places of incorporation of Arbitrage and FII, but is without knowledge or information sufficient to admit or deny the remaining allegations regarding the ownership percentages of the various entities set forth in paragraph 5. Moreover, to the extent that the allegations of paragraph 5 of the Complaint purport to describe an organizational chart attached as an exhibit to the Complaint, Alpha is without knowledge or information sufficient to admit or deny the accuracy of the information set forth on that chart and, therefore, denies the same. Furthermore, Alpha is without knowledge or information sufficient to admit or deny the allegations regarding the assumptions underlying the ownership percentages referenced in the footnote in paragraph 5 of the Complaint and any remaining allegations in paragraph 5 and, therefore, denies the same.

6.   Alpha admits the allegation in paragraph 6 of the Complaint that Floyd Saunders is a director of the Debtor and is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 6 and, therefore, denies the same.

7.   Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 7 of the Complaint and, therefore, denies the same.

8.   Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 8 of the Complaint and, therefore, denies the same.

#11449287_v2

9. Alpha is without knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 9 of the Complaint and, therefore, denies the same. Alpha denies that the continued management of the Debtor's assets by the Debtor's board of directors is necessary to maximize recoveries for stakeholders and that the loss of the knowledge and experience of the management team would yield a loss of value to the detriment of the Debtor's creditors and shareholders.

C.     **Prepetition Indebtedness**

10. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Complaint and, therefore, denies the same.

11. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 11 of the Complaint and, therefore, denies the same.

12. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 12 of the Complaint and, therefore, denies the same.

13. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 13 of the Complaint and, therefore, denies the same.

## EVENTS LEADING TO CHAPTER 11

A.     **The Louisiana Pension Funds**

14. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 14 of the Complaint and, therefore, denies the same.

15. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 15 of the Complaint and, therefore, denies the same.

16. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 16 of the Complaint and, therefore, denies the same.

#11449287_v2

17.  Alpha admits the allegations in paragraph 17 of the Complaint that the pension funds hired Ernst & Young to represent their interests in examining FIAL's books and records. Alpha is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 17 and, therefore, denies the same.

18.  Alpha admits that on July 11, 2011 the pension funds issued a joint statement and that the contents of that statement were as set forth in paragraph 18 of the Complaint.

19.  Alpha admits that on July 28, 2011 the pension funds issued a joint statement and that the joint statement the pension funds issued stated that FIAL was being completely open and forthcoming and that the statement further indicated that review of FIAL's books and records indicated that FIAL had assets exceeding the value of the Louisiana Pension Funds investments and earning showing more than $40 million in profit on the pension funds' original investment.

20.  Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 20 of the Complaint and, therefore, denies the same.

21.  Alpha admits that on September 9, 2011 the pension funds issued a joint statement containing the language quoted in paragraph 21 of the Complaint.

22.  Alpha admits that the Louisiana Pension Funds had distributed to them an option that was to expire on July 3, 2012, but is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 22 of the Complaint and, therefore, denies the same.

**B.   The FIAL Winding-Up Proceeding**

23.  Alpha admits the allegations in paragraph 23 of the Complaint, except it is without knowledge or information sufficient to admit or deny the allegation regarding the extent of FIAL's opposition referenced in the second sentence of paragraph 23 and, therefore, denies the same.

24.  Alpha admits the allegations in paragraph 24 of the Complaint.

25.  Alpha is without knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 25 of the Complaint as to what the Debtor has been advised and, therefore, denies the same. Alpha states that the remaining allegations contained in paragraph 25 constitute conclusions of law to which no response is required.

C.  **The Alpha Winding-Up Proceeding**

26.  Alpha admits the allegations in paragraph 26 of the Complaint.

D.  **The Intercompany Note**

27.  Alpha admits that the Debtor issued a note dated January 1, 2011 in favor of FIAL in the amount of €20,448,765.14. Alpha is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 27 of the Complaint and, therefore, denies the same.

28.  Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 28 of the Complaint and, therefore, denies the same.

E.  **The New York Action**

29.  Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 29 of the Complaint and, therefore, denies the same.

30.  Alpha admits the allegations in paragraph 30 of the Complaint that the Debtor filed a complaint in the Supreme Court of New York on May 24, 2012, seeking entry of a declaratory judgment determining (i) that the amount of the Intercompany Note is not fixed at its face amount, but rather may vary depending on Class 6 shareholder subscriptions and redemptions; (ii) the amount of the Debtor's payment obligation under the Intercompany Note as of January 31, 2012; and (iii) that the Debtor's payment obligation under the Intercompany Note may be paid in cash or in kind. Alpha further states that the New York complaint also sought a declaration that the Intercompany Note is reformed to comply with the parties' intent and conduct. Alpha admits

#11449287_v2

that the Intercompany Note provides that it is governed by and construed in accordance with New York law and referenced that the parties submit to the non-exclusive jurisdiction of the New York courts. Alpha is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 30 of the Complaint and, therefore, denies the same.

31. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 31 of the Complaint and, therefore, denies the same.

F.  **The Bermuda Winding Up Petition**

32. Alpha admits the allegation in paragraph 32 that the Bermuda Petition was filed against the Debtor on May 30, 2012. Alpha is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 32 of the Complaint and, therefore, denies the same.

33. Alpha admits the allegations in paragraph 33 of the Complaint.

G.  **The Liquidation of Assets by Credit Suisse**

34. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 34 of the Complaint and, therefore, denies the same.

35. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 35 of the Complaint and, therefore, denies the same.

36. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 36 of the Complaint and, therefore, denies the same.

37. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 37 of the Complaint and, therefore, denies the same.

38. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 38 of the Complaint and, therefore, denies the same.

H.  **The Arbitrage Shareholder Meeting**

39. Alpha admits the allegations in paragraph 39 of the Complaint.

40. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 40 of the Complaint and, therefore, denies the same.

I.   **The Debtor's Decision to File for Chapter 11 Bankruptcy Protection**

41. Alpha admits that the FIAL Appeal is pending, admits that the pending appeal could in theory result in a determination that the Liquidators have no authority to act on FIAL's behalf and in theory could result in a determination that the appointment of the Liquidator was entered in error, and is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 41 of the Complaint and, therefore, denies the same.

42. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 42 of the Complaint and, therefore, denies the same.

43. Alpha admits the allegation in the first sentence of paragraph 43 of the Complaint that long-term investments comprise some of the Debtor's financial instruments. Alpha denies that specialized technical knowledge and experience or historical knowledge, specifically of the Debtor's board of directors and current management, is necessary to maximize value. Alpha is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 43 of the Complaint and, therefore, also denies the same.

44. Alpha is without knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 44 of the Complaint and, therefore, denies the same. Alpha denies the allegations in the second sentence of paragraph 44.

45. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 45 of the Complaint and, therefore, denies the same.

#11449287_v2

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment - 11 U.S.C. § 362(a)(3))

46. Alpha repeats and re-alleges its responses to the allegations contained in first numbered paragraphs 1 to 7 and paragraphs 1 to 45 of the Complaint as if fully set forth herein.

47. Alpha states that the allegations contained in paragraph 47 of the Complaint constitute conclusions of law to which no response is required.

48. Alpha denies the allegations in paragraph 48 of the Complaint with respect to Alpha. Alpha is without knowledge or information sufficient to admit or deny the allegations in paragraph 48 of the Complaint with respect to the remaining defendants.

49. Alpha states that the allegations contained in paragraph 49 of the Complaint constitute conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegations set forth in paragraph 49 of the Complaint.

50. Alpha states that the allegations contained in paragraph 50 of the Complaint constitute conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegations set forth in paragraph 50 of the Complaint.

51. Alpha states that the allegations contained in paragraph 51 of the Complaint constitute conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegations set forth in paragraph 51 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment - Interference with Debtor's Fiduciary Duties)

52. Alpha repeats and re-alleges its responses to the allegations contained in first numbered paragraphs 1 to 7 and paragraphs 1 to 51 of the Complaint as if fully set forth herein.

53. Alpha states that the allegations contained in paragraph 53 of the Complaint constitute conclusions of law to which no response is required.

54. Alpha denies the allegation in paragraph 54 of the Complaint that it has taken or is seeking to take any improper action(s) with respect to the Debtor's Board of Directors, officers or management or to disrupt and interfere with the Debtor's Chapter 11 case, business operations and efforts to reorganize. Furthermore, Alpha is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 54 and, therefore, also denies the same

55. Alpha states that the allegations contained in paragraph 55 of the Complaint constitute conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegations set forth in paragraph 55 of the Complaint.

56. Alpha states that the allegations contained in paragraph 56 of the Complaint constitute conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegations set forth in paragraph 56 of the Complaint.

57. Alpha states that the allegations contained in paragraph 57 of the Complaint constitute conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegations set forth in paragraph 57 of the Complaint.

#11449287_v2

## THIRD CLAIM FOR RELIEF

### (Injunctive Relief - 11 U.S.C. § § 105(a))

58. Alpha repeats and re-alleges its responses to the allegations contained in first numbered paragraphs 1 to 7 and paragraphs 1 to 57 of the Complaint as if fully set forth herein.

59. Alpha states that the allegations contained in paragraph 59 of the Complaint constitute conclusions of law to which no response is required.

60. Alpha states that the allegations contained in paragraph 60 of the Complaint constitute conclusions of law to which no response is required.

61. Alpha states that the allegations contained in paragraph 61 of the Complaint constitute conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegations set forth in paragraph 61 of the Complaint.

62. Alpha states that the allegations contained in paragraph 62 of the Complaint constitute conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegations set forth in paragraph 62 of the Complaint.

63. Alpha states that the allegation contained in paragraph 63 of the Complaint constitutes a conclusion of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegation set forth in paragraph 63 of the Complaint.

64. Alpha states that the allegations contained in paragraph 64 of the Complaint constitute conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegations set forth in paragraph 64 of the Complaint.

## FOURTH CLAIM FOR RELIEF

**(Injunctive Relief- Rule 7065 of the Federal Rules of Bankruptcy Procedure)**

65. Alpha repeats and re-alleges its responses to the allegations contained in first numbered paragraphs 1 to 7 and paragraphs 1 to 64 of the Complaint as if fully set forth herein.

66. Alpha states that the allegations contained in paragraph 66 of the Complaint constitute conclusions of law to which no response is required.

67. Alpha states that the allegations contained in paragraph 67 of the Complaint constitute conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegations set forth in paragraph 67 of the Complaint.

68. Alpha states that the allegations contained in paragraph 68 of the Complaint constitute conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegations set forth in paragraph 68 of the Complaint.

69. Alpha states that the allegation contained in paragraph 69 of the Complaint constitutes a conclusion of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegation set forth in paragraph 69 of the Complaint.

70. Alpha states that the allegations contained in paragraph 70 of the Complaint constitute conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Alpha denies the allegations set forth in paragraph 70 of the Complaint.

#11449287_v2

### REQUEST FOR WAIVER OF SECURITY

71.     Alpha states that the allegations contained in paragraph 71 of the Complaint constitute conclusions of law to which no response is required.

### PRAYER FOR RELIEF

ANSWER TO WHEREFORE: Alpha denies that the Plaintiff is entitled to the relief requested and denies all allegations of the Complaint except as specifically admitted herein.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense
#### (Failure to State a Claim)

The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), as made applicable to this litigation by Fed. R. Bankr. P. 7012(b), for failure to state a claim upon which relief can be granted.

#### Second Affirmative Defense
#### (Mootness)

Certain of the relief the Debtor is seeking is moot as the Debtor has narrowed the injunctive relief it is seeking through the Complaint pursuant to the modifications made to its Preliminary Injunction Motion. Specifically, relief related to limiting the exercise of corporate governance rights was obtained on a temporary basis, such relief has now expired, and it is not being pursued by the Debtor.

#### Third Affirmative Defense
#### (Misnomer of Party)

There has been a misnomer with respect to Alpha as named and, accordingly, the Complaint should be dismissed.

#11449287_v2

### Fourth Affirmative Defense
### (Improper Service)

The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(2) and (5), as made applicable to this litigation by Fed. R. Bankr. P. 7012(b), for failure by the Plaintiff to properly serve Alpha.

### RESERVATION OF RIGHTS

Alpha expressly reserves and preserves its rights to supplement or amend this Answer, including asserting such other defenses as may become available and apparent in the course of discovery.

Dated: New York, New York
August 9, 2012

HOLLAND & KNIGHT LLP

By: /s/ Barbra R. Parlin
Barbra R. Parlin, Esq.
31 West 52nd Street
New York, New York 10019
Tel.: (212) 513-3200
Fax: (212) 385-9010
Email: barbra.parlin@hklaw.com

-and-

John J. Monaghan, Esq. (*admitted pro hac vice*)
10 St. James Avenue
Boston, Massachusetts 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

*Attorneys for Fletcher Fixed Income Alpha Fund, Ltd.-In Official Liquidation*

#11449287_v2